# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Montez Terriel Lee, Jr.,<br><br>　　　　　Defendant. | Crim. No. 20-168 (JWB/ECW)<br><br>**ORDER<br>ON MOTION TO AMEND<br>OR ALTER JUDGMENT** |

Thomas Calhoun-Lopez, Esq., and William C. Mattessich, Esq., United States Attorney's Office, counsel for Plaintiff.

Kira Aakre Kelley, Esq., counsel for Defendant.

Defendant Montez Terriel Lee, Jr.'s present Motion to Amend or Alter Judgment (Doc. No. 104) is treated as a motion seeking reconsideration under Federal Rule of Civil Procedure 59(e) of the October 11, 2023 Order denying his Motion to Vacate Conviction and Sentence (Doc. No. 103). Lee's contention that the Court failed to consider all of his arguments does not reveal a manifest error of law. The Motion to Alter or Amend is denied.

## ANALYSIS

On February 2, 2022, Lee pled guilty to violating 18 U.S.C. § 844(i) and final judgment was entered. (Doc. No. 103 at 4.) Lee subsequently filed a Motion to Vacate the conviction and sentence under 28 U.S.C. § 2255. (Doc. No. 97.) The Court deemed the filing untimely, filed more than one year after entry of final judgment. (Doc. No. 103

at 7–8.) The October 11, 2023 Order denying the Motion to Vacate was issued without a certificate of appealability because Lee had not "made a substantial showing of the denial of a constitutional right." (*Id.*)

Lee now moves under Federal Rule of Civil Procedure 59(e) to set aside the determination that his Motion to Vacate was untimely.

A motion for reconsideration may only be filed in this District after the movant submits a letter request demonstrating that compelling circumstances warrant reconsideration and the court grants leave to file the motion. D. Minn. L.R. 7.1(j); *Hanes v. Sherburne Cnty. Jail*, Civ. No. 23-1191 (SRN/LIB), 2024 WL 1175200, at *1 (D. Minn. Mar. 19, 2024). Lee's Motion to Alter or Amend is taken as the required letter request in this instance, as the Court in a November 13, 2023 text order required the United States to respond (Doc. No. 106) instead of dismissing the motion for non-compliance with L.R. 7.1(j). *See United States v. Gbor*, Crim. No. 14-344 (JRT/TNL), 2022 WL 17976296, at *1 (D. Minn. Dec. 28, 2022) (considering a motion for reconsideration despite no request or permission to file such a motion).

Motions for reconsideration, such as motions to alter or amend under Rule 59(e), serve only to correct manifest errors of law or fact or to present newly discovered evidence. *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (citation omitted). To prevail, the movant must identify a mistake in the judgment or newly discovered evidence. *Innovative Home Health Care, Inc. v. P.T.-O.T. Assoc. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998).

The present motion urges reconsideration under the premise that the

October 11, 2023 Order contains a manifest error of law. Lee's central legal theory is that courts are obligated to explicitly respond to any argument regarding the interpretation and application of any statute. As such, Lee maintains, the October 11, 2023 Order needed to contain explicit reasoning in response to his argument that the one-year period to file his Motion to Vacate was tolled under 28 U.S.C. § 2255(f)(2).

Lee's argument fails for two reasons. First, the precedent that Lee cites only demonstrates that district courts are, in specific instances not implicated by 28 U.S.C. § 2255, required to provide enough reasoning to allow for effective appellate review. *E.g.*, *United States v. Miles*, 499 F.3d 906, 909 (8th Cir. 2007) ("While a sentencing court should state enough to satisfy an appellate court that it has considered the arguments of the parties and to establish a reasoned basis for exercising its legal decision-making authority, application of the Guidelines to a particular case does not necessarily require lengthy explanation by the sentencing court."). But as the October 11, 2023 Order makes clear, the denial of Lee's Motion to Vacate is not appealable. As a result, no specificity requirement necessarily attaches to the denial of Lee's Motion to Vacate.

Second, issuing the October 11, 2023 Order without a certificate of appealability also directly resolved Lee's argument on the application of 28 U.S.C. § 2255(f)(2). While Lee argues that the October 11, 2023 Order failed to consider that the one-year period of limitation was tolled under 28 U.S.C. § 2255(f)(2) because an alleged denial of Lee's constitutional rights directly affected his ability to file his Motion to Vacate, the October 11, 2023 Order was issued without a certificate of appealability explicitly

3

because Lee had failed to demonstrate the denial of a constitutional right. So even if there were an applicable specificity requirement, the October 11, 2023 Order contains reasoning sufficient to resolve Lee's tolling argument.

Accordingly, Lee has failed to demonstrate a manifest error of law. Therefore, his motion is denied.

## ORDER

Based on all the files, submissions, and proceedings, and for the reasons given above, **IT IS HEREBY ORDERED** that Defendant Montez Terriel Lee, Jr.'s Motion to Alter or Amend (Doc. No. 104), is **DENIED**.

Date: April 26, 2024

*s/Jerry W. Blackwell*
JERRY W. BLACKWELL
United States District Judge