UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MONTEZ TERRIEL LEE, JR.,<br><br>　　　　　　Defendant. | Criminal No. 20-168 (JWB/ECW) |

### DEFENDANT'S NOTICE OF APPEAL

Please take notice that Mr. Montez Terriel Lee, Jr., Defendant, hereby appeals to the United States Court of Appeals for the Eighth Circuit pursuant to Pursuant to Fed. R. App. P. 3(c)(1) and 4(a)(4)(A)(iv) and R. Governing § 2255 Proceedings 11(b).

### ORDERS FROM WHICH AN APPEAL IS TAKEN

Mr. Lee appeals from the following orders of the U.S. District Court for the District of Minnesota:

1. The October 11, 2023 Order (Dkt. 103), which denied Defendant's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255; and

2. The April 26, 2024 Order (Dkt. 112), which denied Defendant's Motion to Amend or Alter Judgement seeking reconsideration of the October 11, 2023 Order denying Defendant's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255.

### REQUEST FOR CERTIFICATE OF APPEALABILITY

The October 11, 2023 Order denied the certificate of appealability. Dkt. 103 at 8. Pursuant to Rule 22(b)(2), Defendant respectfully requests that the Honorable Judges of the United States

1

Court of Appeals for the Eighth Circuit issue a certificate of appealability under 28 U.S.C. § 2253(c).

A certificate of appealability may issue in a proceeding under 28 U.S.C. § 2255 only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c). This substantial showing requires a petitioner proceeding under 28 U.S.C. § 2254 or § 2255 to "show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). In other words, a Circuit Court applying § 2253(c) must review the claims in the habeas petition and assess their merits.

Defendant's appeal poses two questions:

(1) In cases where a sentence is imposed and later amended to include deferred restitution, does the judgment of conviction become "final" for the purposes of 28 U.S.C. § 2255(f)(1) after the appeal period lapses for the initial sentence, or the amended sentence?

(2) Does the refusal of prison staff to facilitate communication between an incarcerated defendant and his chosen attorney constitute an unconstitutional impediment to that defendant making a motion for post-conviction relief, when without the assistance of this attorney the defendant was unable to obtain his casefile from his previous attorney and was thus unable to ascertain the availability of post-conviction relief?

Since the first question Defendant seeks to raise on appeal is the precise subject of a circuit split, the reasonable jurists from the United States Courts of Appeals for the Ninth and Tenth Circuits are in fact engaged in precisely this debate. *See*, e.g., *United States v. Anthony*, 25 F.4th 792 (10th Cir. 2022) (ruling that "a judgment of conviction becomes final for § 2255 limitations purposes when there is no further avenue for direct appeal of any portion of the

sentence, including restitution) and *United States v. Gilbert*, 807 F.3d 1197 (9th Cir. 2015) (finding that the initial judgment in deferred restitution cases is "final" notwithstanding any subsequent amendment).

A reasonable jurist could also find that Defendant's constitutional rights were violated when FCI Raybrook employees impeded him from filing a petition for relief under § 2255 by refusing for six months to allow him to communicate with his new attorney, during which time the deadline for filing for post-conviction relief under the Ninth Circuit's interpretation of "final judgment" expired. Dkt. 104, 2-6 and *Gilbert*, 807 F.3d. Until this government impediment was removed, Defendant was unable to obtain crucial information from his previous attorney so as to ascertain his claims for post conviction relief under § 2255. Dkt. 101, 15-16.

The Defendant offers this substantial showing of a denial of his constitutional rights, and respectfully asks that a certificate of appealability issue from the United States Court of Appeals for the Eighth Circuit or a Justice thereof in conjunction with this Notice of Appeal.

Respectfully submitted on May 10, 2024,

    MONTEZ TERRIEL LEE, JR., Defendant

    By Counsel

    *s/Kira Aakre Kelley*
    KIRA A. KELLEY
    MN Bar No. 0402932
    P.O. Box 7040
    Minneapolis, MN 55407
    (802) 683-4086
    kira@climatedefenseproject.org

    *Attorney for Montez Terriel Lee Jr.*